UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ROUSER,<br><br>    Petitioner,<br><br>v.<br><br>JARED LOZANO,<br><br>    Respondent. | Case No. 2:21-cv-00777-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>ORDER FINDING THAT THE PETITION STATES A COGNIZABLE CLAIM FOR VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS DURING A PAROLE HEARING, BUT NO OTHER VIABLE CLAIMS<br><br>ECF No. 1 |

Petitioner William Rouser, a state prisoner proceeding *pro se*, challenges an April 2020 denial of parole. ECF No. 1 at 5, 23. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). I find that petitioner is potentially entitled to relief on his claim that he was denied due process during his parole hearing. I also find, however, that none of his other claims are cognizable. Petitioner must advise whether he wishes to proceed on the claim I have found cognizable or file an amended petition. I will also grant his application to proceed *in forma pauperis*. ECF No. 2.

Petitioner raises four claims. First, he argues that the parole board's denial of parole was cruel and unusual punishment under the Eighth Amendment. ECF No. 1 at 5. There is no constitutional right to parole, however, and its denial cannot violate the Eighth Amendment. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.").

Second, he argues that the attorney who represented him at his parole hearing rendered ineffective assistance. ECF No. 1 at 7. But there is no right to assistance of counsel in parole hearings. *See Garner v. Yates*, No. 1:08-CV-00196-OWW-GSA HC, 2008 U.S. Dist. LEXIS 11112, *6 (E.D. Cal. 2008) ("Likewise, the Constitution does not require the assistance of counsel at a parole board hearing.").

Third, petitioner argues that the parole board primarily based its denial on disciplinary violations that it knew to be unreliable. This states a possible due process claim. The decision to deny parole must be supported by "some evidence" that has indicia of reliability. *Superintendent, Mass. Correc. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Fourth, petitioner argues that the parole board violated his due process rights by admitting into evidence a psychiatric evaluation with which he disagreed. ECF No. 1 at 15. There is no constraint on the type of evidence the parole board may consider, so long as that evidence is reliable. *Hill*, 472 U.S. at 455 (holding that the only due process requirements in a parole hearing are advance notice of the hearing, an opportunity for the inmate to be heard, an explanation for any denial of parole, and that some reliable evidence support the decision to deny parole). The petition argues that the psychiatric evaluation was wrong, but petitioner's disagreement not render the evaluation automatically unreliable. To find otherwise might prohibit the use of any adverse psychiatric evidence in parole hearings. Additionally, I cannot tell to what extent the parole board relied on the evaluation, because their reasoning is not included with the petition.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Petitioner may either proceed with the claim I have found cognizable or file an amended petition within sixty days. If he chooses the former option, he should submit a written filing advising me of that decision within thirty days.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated: May 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE