|  |  |
|---|---|
| WILLIAM ROUSER,<br><br>        Petitioner,<br><br>    v.<br><br>JARED LOZANO ,<br><br>        Respondent. | Case No. 2:21-cv-00777-KJM-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT RESPONDENT'S MOTION TO DISMISS BE GRANTED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 15 |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Petitioner William Rouser is a state prisoner seeking habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1. Respondent has filed a motion to dismiss, arguing that the petition fails to state a cognizable claim. ECF No. 15. For the reasons stated below, I recommend that respondent's motion be granted.

    No habeas corpus rule specifically applies to motions to dismiss. *See Hillery v. Pulley*, 533 F. Supp. 1189, 1194 (E.D. Cal. 1982) ("Motion practice in habeas corpus is not specifically provided for in the rules but must be inferred from their structure and the Advisory Committee Notes."). Following an approach taken by other courts in this district, I conclude that Rule 4 of the Rules Governing Section 2254 Cases is the proper analytical framework for a motion to dismiss a section 2241 petition. *See, e.g.*, *Ram v. Sacramento Cty.*, No. 2:15-CV-2074-WBS-DB (P), 2017 WL 2403701, at *4 (E.D. Cal. June 2, 2017), *subsequently aff'd in Ram v. Cty. of Sacramento*, 738 F. App'x 571 (9th Cir. 2018). Under Rule 4, I evaluate whether it "plainly

appears" that the petitioner is not entitled to relief, in which case I recommend that the court dismiss the petition.

Petitioner's sole claim is that the Board of Parole Hearings violated his due process rights when it denied him parole.[1] ECF No. 1 at 10. He claims that the Board's decision to deny parole was based on unreliable confidential information and not supported by sufficient evidence. *Id.* Respondent argues that California's "some evidence" rule does not apply to federal habeas review. ECF No. 15 at 3. I agree.

California law creates a liberty interest in parole, *see Roberts v. Hartley*, 640 F.3d 1042, 1045 (9th Cir. 2011), however, that interest is afforded minimal federal procedural safeguards, *see Swarthout v. Cooke*, 562 U.S. 216, 219-20 (2011). These minimal safeguards do not include California's requirement that the decision to deny parole be supported by "some evidence." *See Swarthout*, 562 U.S. at 220-21; *Brown v. Shaffer*, No. 118-CV-00470-AWI-HBK (PC), 2021 WL 4441693, at *5 (E.D. Cal. Sept. 28, 2021) ("In other words, a violation of California's 'some evidence' standard, a violation of state law, is not tantamount to a federal Due Process constitutional violation."). Instead, federal due process only requires the state to provide a prisoner with an opportunity to be heard and to receive a statement of the reasons why parole was denied. *See Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) (citing *Swarthout*, 562 U.S. at 220).

Petitioner does not contend that the Board failed to provide him with a statement of the reasons that he was denied parole or that he was not given an opportunity to be heard. Indeed, he specifically alleges that the Board improperly denied him parole in part because he received a Rules Violation Report ("RVR") that was based on unreliable confidential information. ECF No. 1 at 10-12. He further alleges that he attended his parole hearing and provided objections to the Board's consideration of the RVR. *Id.* at 10. Plaintiff's allegations demonstrate that he received all the process that he was due.

---

[1] The petition contained three additional claims that I found incognizable. ECF No. 6. Instead of amending the petition, petitioner elected to proceed only on the cognizable due process claim. ECF No. 8.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 15, be granted.

2. The petition be dismissed without leave to amend.

3. The court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:    October 22, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE